IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES V. BYERLY,            :
                              :
    Plaintiff,                :
                              :
vs.                           :
                              :   CIVIL ACTION 15-582-M
CAROLYN W. COLVIN,            :
Social Security Commissioner, :
                              :
    Defendant.                :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling denying a claim for disability insurance benefits (Docs. 1, 9).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order judgment in accordance with 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and S.D.Ala. Gen.L.R. 73(b) (*see* Doc. 18).  Oral argument was waived in this action (Doc. 19).  After considering the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th

1

Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty-three years old, had completed associate's degree requirements (Tr. 41), and had work experience as a lead radiology technician and radiology technologist (Tr. 44, 49). Byerly alleges disability due to obesity, minor thoracic spondylosis, mild lumbar degenerative joint disease, a stable right knee tear, and chondromalacia (Doc. 9 Fact Sheet).

The Plaintiff applied for disability benefits on November 5, 2014, asserting an onset date of July 10, 2014 (Tr. 21, 107–16).  An Administrative Law Judge (ALJ) denied benefits, determining that Byerly was capable of performing his past relevant work as a lead radiology technician (Tr. 21-29). Plaintiff requested review of the hearing decision (Tr. 15), but the Appeals Council denied it (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Byerly alleges that:  (1) The ALJ did not properly consider the conclusions of

2

his treating physician; and (2) the ALJ improperly determined that several of his impairments were not severe (Doc. 9). Defendant has responded to—and denies—these claims (Doc. 14). The Court's summary of the relevant evidence of record follows.[1]

On January 2, 2014, Byerly went to the Veteran's Administration (hereinafter *VA*) and was examined by Natalie Bustillo, MS (Psychology Intern/Health Behavior Specialist); Plaintiff admitted sleep disturbance, drinking excessively, and being bothered by Post Traumatic Stress Disorder (hereinafter *PTSD*) symptoms (Tr. 521-23; *see generally* Tr. 431-567). He reported drinking a bottle of hard liquor every night to fall asleep. Byerly stated that he had been treated for PTSD between 2010 and 2011, but the medications had not alleviated his symptoms and he disliked the side effects; he had received no treatment in over two years, was not currently taking any medications, and had no interest in seeing a psychiatrist. Bustillo explained available health and behavior sessions, but Byerly refused further intervention; the Intern thought Byerly was a low risk for suicide. Psychologist Jason R. Dahn signed the report. On February 10, Bustillo examined Plaintiff who stated that prior medications and sleep deprivation caused him to become aggressive and to physically act out; sleep evaluation

---

[1] The Court will not review the records from the VA, dated February 23, 1981 through July 29, 1994 (Tr. 197-429), as they predate Byerly's asserted disability onset date by nearly twenty years. Furthermore, since these claims focus on mental impairments, the Court will summarize the records of physical ailments only minimally.

3

was recommended (Tr. 508-10).

On May 30, 2014, Psychiatrist Michael P. Sanfilipo, with the VA, examined Byerly for anger, irritability, sleep difficulty, and alcohol use; Plaintiff reported not drinking for the past two months though it had increased sleep disturbance and irritability (Tr. 488-97, 575). Byerly was tense, but inquisitive; he did not like medications because he felt he lost emotional control and did not like the side effects, but he agreed to try Prazosin[2] to facilitate sleep. Sanfilipo noted no delusions, mania, mood swings, or formal anxiety disorder but indicated irritability; thought processes were organized, linear, and future-oriented. Byerly had fair insight, good judgment and his prognosis was guarded. The Psychiatrist's diagnosis follows: PTSD; unspecified depressive disorder, ruling out alcohol-induced mood disorder and pervasive depressive disorder; moderate alcohol use disorder, and mild cluster B traits. The Doctor encouraged Byerly to continue supportive therapy.

On July 10, 2014, Dr. Sanfilipo wrote a "To Whom It May Concern" letter, indicating that he was treating Plaintiff for chronic PTSD and depressive disorder, NOS (Tr. 430). The Doctor stated Byerly was experiencing symptoms, including "repeated

---

[2]*Prazosin* is used to block the effects of adrenaline released in the body and may help reduce nightmares and sleep problems associated with PTSD. *See* http://www.webmd.com/a-to-z-guides/prazosin-for-ptsd

4

intrusive thoughts of traumatic experiences, chronic
irritability, clinically significant depression, moderate
anxiety, chronic insomnia with frequent nightmares, poor
concentration, marked self-isolation and avoidance of others,
evident hypervigilance, and marked mistrust" (Tr. 430). It was
Sanfilipo's opinion this caused him difficulty being around
others and would interfere with securing and maintaining
employment; after discussing the treatment Byerly had already
received, the Psychiatrist indicated that adequate remission, if
at all, would require several years.

    On July 11, 2014, Dr. Sanfilipo examined Plaintiff who
reported regularly taking Prazosin and sleeping better, feeling
rested and, was less irritable and more tolerant; however, he
still angered quickly and feared losing control (Tr. 468-77).
Byerly was still not drinking and had experienced no significant
depression; he had completed an anger management group. On
exam, the Psychiatrist noted that Plaintiff was of average
intelligence, less irritable, and that treatment was improving
his condition. On September 30, Byerly told Sanfilipo that he
was tired, having trouble sleeping, and had started drinking a
pint of whiskey once a week; his mood had improved slightly with
less irritability and less anger, which he attributed to
"getting ready to retire from work" (Tr. 454; *see generally* Tr.

53-64).  The Psychiatrist added Perphenazine[3] to Plaintiff's medical treatment.  Also on that date, the VA assigned Plaintiff a 70% disability rating for his PTSD (Tr. 454).

On January 17, 2015, Dr. Teresa Dolphin-Shaw examined Byerly who denied "mood changes, depression, suicidal ideation, nervousness, anxiety, difficulty concentrating [and] difficulties sleeping at night" (Tr. 569; *see generally* Tr. 568-72).  The Doctor found Plaintiff oriented to time, place, and situation; she noted that he was unwilling to fully participate in the exam.  Byerly did not appear depressed or anxious; memory, recent and remote, was intact.  Plaintiff had good insight and cognitive function; Dolphin-Shaw concluded that Byerly could "sit, walk, and/or stand for a full workday, lift/carry objects without limitations, hold a conversation, respond appropriately to questions, and carry out and remember instructions" (Tr. 571).  The Doctor suggested that his PTSD should be worked up further.

This concludes the Court's summary of the evidence.

In bringing this action, Byerly first claims that the ALJ did not properly consider the conclusions of his treating Psychiatrist, Dr. Sanfilipo (Doc. 9, pp. 6-8).  The Court notes that a treating physician's opinion "must be given substantial

---

[3]*Perphenazine* is an anti-psychotic that helps the taker think clearer, feel less nervous, and reduce aggressive behavior.  *See* http://www.webmd.com/drugs/2/drug-8825/perphenazine-oral/details

or considerable weight unless 'good cause' is shown to the contrary," existing when (1) the physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)(*quoting Lewis v. Callahan*, 125 F.2d 1436, 1440 (11th Cir. 1997)).

In his determination, the ALJ summarized the medical evidence and gave little weight to Sanfilipo's conclusions as "inconsistent with the longitudinal medical evidence" (Tr. 24). The ALJ pointed out that Sanfilipo had indicated that Byerly would have difficulty securing and maintaining employment in spite of the fact that he was employed as a skilled worker at the time (Tr. 24; *cf.* Tr. 23, 44, 430). The ALJ also noted that the Doctor examined Plaintiff only three times, all during 2014 (Tr. 24). Finally, the ALJ noted Byerly's report to Sanfilipo that he was doing better as of the second appointment (Tr. 25).

The Court finds substantial support for the ALJ's finding to give little weight to Sanfilipo's conclusions. In addition to the ALJ's reasons, the Court notes that at the time Dr. Sanfilipo indicated that Byerly would have difficulty working, he had only met with and examined Plaintiff once; the next day, at the Psychiatrist's second examination, Plaintiff reported being better, an opinion in which the Doctor concurred (Tr. 469,

7

475). The Court further notes that Byerly was working throughout Dr. Sanfilipo's treatment. Plaintiff's claim that the ALJ did not properly consider the conclusions of his treating physician is without merit.

Byerly next claims that the ALJ improperly found that his PTSD and depressive disorder were not severe (Doc. 9, pp. 2-6).

In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2016).[4]  The Court of Appeals further holds that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Under Social Security Ruling 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the

---

[4]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

8

individual's ability to do basic work activities."

In evaluating Byerly's impairments, the ALJ noted that Plaintiff had worked through November 2014 though he had been diagnosed with PTSD four years earlier, indicating that the impairments had not affected his ability to perform skilled labor (Tr. 24). The ALJ further noted that Plaintiff denied any psychiatric symptoms to Dr. Dolphin-Shaw who found, in the last examination of record, that he could work (Tr. 25, 568-71). The ALJ also discounted the VA's finding of seventy percent disability because of his PTSD, correctly noting the following:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504 (2016). The Eleventh Circuit Court of Appeals has acknowledged this principle, though finding that another's agency's findings of disability are entitled to great weight. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (1983).

The Court finds substantial evidence for the ALJ's finding that Plaintiff's PTSD and depressive disorder are not severe impairments. Byerly's own testimony regarding his mental impairments was discredited by the ALJ (Tr. 27-28), a finding

9

unchallenged in this action (*see* Doc. 9).  The Court has found substantial support for the ALJ's giving little weight to Dr. Sanfilipo's conclusions.  Furthermore, the Court notes no other evidence that Plaintiff's mental impairments keep him from working, the fundamental requirement to be labeled significant; social security regulations state that Plaintiff is responsible for providing evidence from which the ALJ can make an RFC determination.  20 C.F.R. § 404.1545(a)(3).  The Court finds no merit in Byerly's claim that the ALJ improperly found that his mental impairments were not severe.

Plaintiff has raised two claims in bringing this action.  Both are without merit.  After considering the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED.**  Judgment will be entered by separate Order.

DONE this 25th day of August, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE